NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRALHAD BIKRAM SHAH, | No. 06-73081 |
| Petitioner, | |
| | Agency No. A096-486-650 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]
San Francisco, California

Before:  FISHER[***] and TALLMAN, Circuit Judges, and  TARNOW, District
Judge.[****]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]Judge Raymond C. Fisher was drawn to replace Judge David R.
Thompson, now deceased.  Judge Fisher has read the briefs and reviewed the
record.

[****]The Honorable Arthur J. Tarnow, Senior United States District Judge
for the Eastern District of Michigan, sitting by designation.

Pralhad Bikram Shah, a native and citizen of Nepal, petitions for review of a decision of the Board of Immigration Appeals (BIA) adopting and affirming an Immigration Judge's (IJ) denial of Shah's application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Shah asserts past persecution and a fear of future persecution by the Maoists on account of both his imputed political opinion and his status as a former police officer. He also claims persecution by the Nepalese police on account of his suspected ties to the Maoists. The BIA affirmed the IJ's determination that Shah's claim of persecution by the Nepalese police was not credible, and also agreed with the IJ that Shah's alleged fear of persecution by the Maoists lacked a nexus to a protected ground for relief. The BIA also affirmed the IJ's denial of relief under the CAT. We grant in part and deny in part the petition for review.

1. The adverse credibility determination underlying the IJ's rejection of Shah's claim of persecution by the Nepalese police is supported by substantial evidence. Shah's alleged fear of the Nepalese police appeared nowhere in his asylum application or his interview with the asylum officer. The omission from the asylum application of this "dramatic, pivotal event" going to the heart of Shah's claim supports the IJ's adverse credibility finding. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003); *see also Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.

2004).  We therefore deny the petition as it relates to Shah's alleged fear of the Nepalese police.

2.      The IJ improperly rejected Shah's claims for asylum and withholding of removal based on his fear of the Maoists, however.  The IJ expressly found that the harm Shah suffered rose to the level of persecution.  She nonetheless denied relief after concluding Shah had shown no nexus to a protected ground, finding he was persecuted "because of and only in the context of his role as a police officer in Nepal."  This finding is unsupported by substantial evidence.

The IJ correctly concluded that any past persecution Shah suffered solely on account of his status as a police officer was not, without more, cognizable under the INA.  *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000); *Matter of Fuentes*, 19 I. & N. Dec. 658, 661 (B.I.A. 1988) ("[D]angers faced by policemen as a result of that status alone are not ones faced on account of race, religion, nationality, membership in a particular social group, or political opinion.").[1]  But

---

[1] The IJ also correctly concluded Shah did not demonstrate a well-founded fear of future persecution based on his current status as a *former* police officer. Under certain circumstances, a former police officer can demonstrate membership in a particular social group cognizable under the INA.  *See Ayala v. Holder*, No. 08-71868, filed concurrently with this memorandum.  But Shah did not demonstrate that any future persecution he may suffer will be *on account of* his status as a former police officer.  He is therefore not entitled to relief on this basis. *See id.*

the record compels the conclusion that Shah was also persecuted, at least in part, for the political opinion imputed to him by the Maoists. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). When the Maoists abducted Shah, they specifically stated they were targeting him because, in the course of his police duties, he instructed villagers on human rights and antiterrorism concepts. Thus the Maoists attributed to Shah a political opinion beyond the pro-government position naturally associated with a police officer, for which no protection is available. *See Fuentes*, 19 I. & N. Dec. at 661 (holding that attacks on officers "simply because they are highly visible embodiments of the power of the state" lack a nexus to any protected ground). Unlike a traditional police officer, Shah was charged with spreading a pro-human-rights political message. As a result, the Maoists saw Shah not merely as an enforcer of the government's laws, but as an

active political opponent, and they persecuted him in part for that imputed belief. *See Cordon-Garcia v. INS*, 204 F.3d 985, 992 (9th Cir. 2000).[2]

Because the IJ's conclusion that Shah suffered no past persecution on account of a protected ground is unsupported by substantial evidence, we grant the petition as to Shah's claim of persecution by the Maoists. Because Shah has suffered past persecution, he is entitled to the presumption that he has a well-founded fear of future persecution. Accordingly, we remand so that the IJ may determine whether the government has rebutted the presumption for purposes of both asylum and withholding of removal.[3] 8 C.F.R. § 1208.13(b); 8 C.F.R. § 1208.16(b).

---

[2] We agree with our dissenting colleague that "[g]uerilla revolutionaries . . . may attack police officers in order take revenge for past acts or preclude the officer from further interfering with their illegal activity." Dissent at 2. We disagree, however, that Shah was attacked solely for such reasons. Shah was also targeted for a political opinion distinct from his police officer status. Shah's status as a police officer does not preclude him from showing that he was also considered to be a political activist, like the teacher in *Cordon-Garcia*, not just a "public servant[] who embod[ied] the authority of the state." *Fuentes*, 19 I. & N. Dec. at 661.

[3] The IJ's findings regarding changed country conditions were made in the context of the CAT's unique standard rather than the standard for asylum or withholding of removal. Remand for reevaluation of Shah's fear of future persecution is therefore appropriate.

3.     The IJ noted that even if Shah were statutorily eligible for relief, she would have denied his asylum application as a discretionary matter because she believed he falsely augmented his testimony.  This finding was unaccompanied by the required weighing of "all relevant favorable and adverse factors," however.  *Kalubi v. Ashcroft*, 364 F.3d 1134, 1139 (9th Cir. 2004); *see also Gulla v. Gonzales*, 498 F.3d 911, 916 (9th Cir. 2007) ("[T]he danger of persecution should generally outweigh all but the most egregious of adverse factors.") (internal quotation marks omitted).  We therefore conclude the IJ abused her discretion in denying relief on this basis, and remand so that the IJ may conduct the proper balancing.

4.     Although we grant the petition as to Shah's claims for asylum and withholding of removal based on persecution by the Maoists, we reject his claim for relief under the CAT.  Substantial evidence supports the IJ's determination that Shah did not show that it is more likely than not he would be tortured if returned to Nepal.  8 C.F.R. § 1208.16(c)(2).

*** 

We grant Shah's petition in part and remand for further consideration of his claims for asylum and withholding of removal based on persecution by the Maoists.  We affirm the denial of relief under the CAT.

Each party shall bear its own costs on appeal.

**Petition GRANTED IN PART and DENIED IN PART; REMANDED.**

*Shah v. Holder*, 06-73081

TALLMAN, Circuit Judge, concurring in part and dissenting in part:

I must respectfully dissent from that part of the majority's disposition that concludes that substantial evidence does not support the IJ's determination that Shah was not persecuted on account of a protected ground.

Even under the mixed-motive standard applicable to this pre-REAL ID Act case, *Borja v. I.N.S.*, 175 F.3d 732, 735–37 (9th Cir. 1999) (en banc), Shah bears the burden of demonstrating that the persecution he endured was on account of a ground distinct from his status as a police officer. *Cruz-Navarro v. I.N.S.*, 232 F.3d 1024, 1028, 1030 (9th Cir. 2000); *Matter of Fuentes*, 19 I. & N. Dec. 658, 661 (BIA 1988). This is a question of fact, and, contrary to the majority's conclusion, the evidence is not "so compelling that no reasonable factfinder could fail to find" that Shah was persecuted on account of anything other than his position as a police officer. *Cruz-Navarro*, 232 F.3d at 1028, 1030.

First, as the majority acknowledges, the Maoists targeted Shah only because they were displeased with the specific work he was doing as a police officer. I thus fail to see a distinction between this case and our decision in *Ayala v. Holder*, No. 08-71868 (9th Cir. May 19, 2011) (quoting *Matter of C-A-*, 23 I. & N. Dec. 951, 958–59 (BIA 2006) ("[I]f a former police officer [is] singled out for reprisal, not

1

because of his status as a former police officer, but because of his role in disrupting particular criminal activity, he [is] not . . . considered, without more, to have been targeted as a member of a particular social group."))·  Guerilla revolutionaries—no less than drug dealers—may attack police officers in order to take revenge for past acts or preclude the officer from further interfering with their illegal activity.[1]

Moreover, even were we to pick and choose from among Shah's various statements and consider only those most favorable to his claim,[2] Shah has failed to show any evidence—let alone substantial evidence—that a political opinion was

---

[1] The majority's attempt to circumvent our clear precedent by likening Shah's work to that of the teacher in *Cordon-Garcia* wholly ignores the fact that, because Cordon-Garcia was not a police officer, *Fuentes*'s broad bar did not apply. *Compare Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000), *with Cruz-Navarro*, 232 F.3d at 1030.  Cordon-Garcia was thus eligible for relief for the very reason that Shah is not: we do not expect—and have not legally recognized—that teachers will be persecuted on account of their position alone; the same cannot be said for police officers.  *Fuentes*, 19 I. & N. Dec. at 661.

[2] This would require us to ignore—like the majority does—Shah's sworn statement, made in support of a pre-removal asylum claim, wherein he repeatedly and exclusively attributes the Maoists' interest in him to his status as a police officer: e.g., "During the course of my duty (sic) in police force, many policemen who work in the forces were always threatened because of their type of work. They are always the main targets of the Maoist guns and also are abducted, tortured, beaten and murdered cruelly."  It would also require us to ignore the undisputed fact that Shah's claim rests on violence he endured—i.e., the ambush of a police convoy and an attack on a police station—simply because he was one of the many non-identifiable officers working at each of those locations when the Maoists struck.

2

imputed to him personally, rather than to his uniform. Shah's attackers wanted one thing: for Shah to quit the police. As the IJ explicitly found, "there is nothing in this record to establish that, once [Shah] left the police force, the Maoists continued to look for him or attempt to target him."[3] In light of these *unrebutted* facts, I do not see how the majority can legitimately conclude that Shah's claim is not squarely precluded by *Fuentes*:[4]

> Guerrillas often engage in violence, not only against military targets, but also against civilian institutions that, whether intentionally or not, support domestic stability and the strength of the existing government. Policemen are by their very nature public servants who embody the

---

[3] This factual conclusion should also leave little doubt as to whether the IJ will find on remand that Shah has a well-founded fear of future persecution for purposes of asylum and withholding of removal.

[4] To be clear, we readily acknowledge that a police officer *could* hurdle *Fuentes*'s broad bar in a pre-REAL ID Act case by demonstrating a mixed-motive plus. My point is that he has failed to do so.
As an officer, Shah was expected to be "viewed as" pro-government. *Fuentes*, 19 I. & N. Dec. at 661. Pro-government necessarily incorporates being "viewed as" against "[g]uerillas" fighting to overthrow the government—in this case, the Maoists. *See id. Fuentes* therefore precludes Shah relief unless he can demonstrate that the Maoists believed that he would, even if he were not an officer, be against them—that the Maoists imputed *to him, rather than to his uniform*, an anti-Maoist political opinion. *Compare Cruz-Navarro*, 232 F.3d at 1030, *with Lim v. I.N.S.*, 224 F.3d 929, 934 (9th Cir. 2000) ("That Lim was followed and continued to receive threats *after* retirement only confirms the natural assumption that the NPA did not forgive him upon his retirement." (emphasis added)); *Velarde v. I.N.S.*, 140 F.3d 1305, 1311–12 (9th Cir. 1998) (describing threats and attacks against officer *after* she left her position). I invite the majority to direct us to a single piece of record evidence that even suggests he has met this burden.

authority of the state. As policemen around the world have found, they are often attacked either because they are (or are viewed as) extensions of the government's military forces or simply because they are highly visible embodiments of the power of the state. In such circumstances, the dangers the police face are no more related to their personal characteristics or political beliefs than are the dangers faced by military combatants. Such dangers are perils arising from the nature of their employment and domestic unrest rather than 'on account of' immutable characteristics or beliefs within the scope of sections 101(a)(42)(A) or 243(h) of the Act, 8 U.S.C. §§ 1101(a)(42)(A) and 1253(h) (1982).

19 I. & N. Dec. at 661.

In sum, because I agree with the majority that Shah failed to demonstrate persecution by the Nepalese police or eligibility for CAT relief—and because I would further hold that Shah has failed to establish persecution by the Maoists on account of anything other than the "perils arising from the nature of [his] employment and domestic unrest" in Nepal, *id*.—I would deny the petition for review.

4